# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CRIMINAL ACTION NO. 2:25-cr-00005

LANA BARKER,

        Defendant.

# ORDER

On March 3, 2025, came the United States of America, by Assistant United States Attorney Gabriel Price, and also came the Defendant, Lana Barker, in person and by her attorney, Tim C. Carrico during which Defendant, as more particularly set forth on the record, entered a guilty plea to a Single Count Information, which charges her with structuring in violation of 31 U.S.C. § 5324(a)(3).

Pursuant to U.S.S.G. § 6A1 *et seq.*, it is hereby **ORDERED** that:

1. The Probation Office undertake a presentence investigation of the Defendant and prepare a presentence report for the Court;

2. Pursuant to Federal Rule of Criminal Procedure 32(e)(3), the United States Probation officer is directed not to disclose to the Defendant, the Defendant's counsel, or the attorney for the Government the Probation Officer's recommendation, if any, on the sentence;

3. The Court **ORDERS** that the United States Probation Office prepare and forward a draft presentence report to the United States and counsel for the Defendant no later than **May 20, 2025**; that the United States Attorney and counsel for the Defendant file any objections

to the draft presentence report no later than **June 4, 2025;** and that the Probation Office submit a final presentence report to the Court no later than **June 18, 2025**. The Court **SCHEDULES** final disposition of this matter for **July 1, 2025, at 2:00 p.m.**

4. The Government and the Defendant **must** file a Sentencing Memorandum addressing the sentencing factors set forth in 18 U.S.C. § 3553(a) as each party believes they may pertain to this case. The Sentencing Memorandum **must** also address any such matters that have not already been addressed in the form of motions or objections to the Presentence Report and may include argument as to the sentence to be imposed. Any arguments as to the sentence imposed must be individually and separately raised, and clearly addressed in the Sentencing Memorandum. *See, e.g.*, *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019) (requiring sentencing courts to "address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments." (citing *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017))). The filing of the Sentencing Memorandum is **MANDATORY**. The Sentencing Memoranda shall be no more than ten (10) pages in length, unless leave is granted by the Court for additional pages and shall be filed with *and received by* the Clerk no later than **June 25, 2025**; and

5. The Defendant was released on a $10,000 unsecured bond.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: March 3, 2025

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE