IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT WEST VIRGINIA

UNITED STATES OF AMERICA

v.                    CRIMINAL NO. 5:25-CR-00005-001

LANA BARKER

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Lana Barker, submits this memorandum outlining the various 18 U.S.C. § 3553(a) factors for the Court's consideration at his upcoming sentencing hearing on July 1, 2025.

**A.   No Legal Objections:**

On March 3, 2025, Mrs. Barker, pled guilty to a single count information charging her with Aiding and Abetting Structuring Financial Transactions to Evade Reporting Requirements, in violation of 31 U.S.C. § 5324(a)(3) and 18 U.S.C. § 2 (Class D Felony).   The statutory maximum penalties are not more than five years of incarceration, up to (3) years of supervised release, a maximum fine of $250,000, a $100 special assessment, and forfeiture of 40 Opal Place, Foster, WV 25081.

Her advisory guideline range falls within Zone A of the sentencing table at 0 to 6 months of incarceration, and a fine range of $200 to $9,500.   Her total offense level is 2, which is arrived at after she receives a 3-level reduction for acceptance of

responsibility, a 2-level reduction for being a zero-point offender, an 8-level reduction for U.S.S.G. § 2S1.3(b)(3). Her criminal history category is I. The applicable guideline is U.S.S.G. § 2S1.3. The government has agreed to accept the payment of $97,215 in lieu of forfeiture of 40 Opal Place, Foster, WV 25081.

B.   **18 U.S.C. §3553(a) Factors:**

Mrs. Barker respectfully asserts that a sentence of probation would comports with the sentencing goals set forth under 18 U.SC. § 3553(a). Such a sentence would be sufficient but not greater than necessary to achieve the sentencing goals.

### The nature and circumstances of the offense and the history and characteristics of the defendant.

Mrs. Barker is (65) years old. She has lived a law-abiding life with no criminal history. She retired in 2022 from the Boone County Board of Education. She has an exemplary employment history prior to her (18) years of service for Boone County (BOE). She has no substance abuse issues. Her health is good other than having total left knee replacement on June 23, 2025. She reports that she will be able to attend the sentencing hearing. She has been married to her husband approximately 48 years.

She acknowledges that she engaged in the commission of a felony criminal offense. Importantly, since the commission of the offense she met with government

and voluntarily and truthfully admitted to her offense and relevant conduct. She executed a plea agreement admitting to the charges set forth in the information, and waived prosecution by indictment. She paid the United States Marshall Service $97,215 in lieu of forfeiture of the residence that was purchased for use by their grandson in Foster, West Virginia.

Mrs. Barker and her husband obtained a loan from Truist Bank to pay the forfeiture amount. The funds were deposited into their counsel's client/trust account then subsequently wired to the United States Marshall Services. Counsel provided proof of the aforementioned application for the wire from Chase Bank to the government. At the time of the filing of this sentencing memorandum the funds are in counsel's client trust account and have not been wired. However, it is expected that the government will have the funds before the sentencing hearing on July 1, 2025.

The forfeiture amount is based on the specific amount of the monies that were structured by Mrs. Barker and her Husband.

Prior to the execution of her plea agreement the Barkers did voluntarily provide the government with their personal financial records in support of their contention that the $97,215 in cash derived from legitimate sources.

Mrs. Barker has no criminal history and is a zero-point offender. She has

fully complied with the terms and conditions of her release on bond. More importantly, she has taken positive steps to correct her wrongful conduct.

**The need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

Mrs. Barker now stand convicted of a federal felony. She and her husband paid $97,215 to rectify the structuring. Mrs. Barker has no criminal history. A sentence of probation will reflect the seriousness of the offense and will promote respect for the law.

**The need for the sentence to afford adequate deterrence to criminal conduct.**

A sentence of probation based on the facts in this case will afford adequate deterrence for criminal conduct.

**The need for the sentence to protect the public from further crimes of the defendant.**

A sentence of probation with terms and conditions will protect the public from further crimes of the defendant based on her conduct while on bond.

**The need for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Mrs. Barker is (65) years old and recently had knee replacement surgery. A sentence of probation will allow her to continue with her necessary physical therapy.

### The kinds of sentences available.

A sentence of probation is appropriate in this case both statutorily and under the federal sentencing guidelines.

### The kinds of sentence and sentencing range established for the applicable category of offense committed by the applicable category of defendant as set for in the guidelines issued by the sentencing commission that are in effect on the date the defendant is sentenced.

Mrs. Barker's advisory guideline range is 0 to 6 months.

### Any pertinent policy statements

Not applicable,

### The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

The sentence requested by Mrs. Barker will not cause an unwarranted disparity among defendants with similar records who have been found guilty of similar conduct.

### The need to provide restitution to any victims of the offense.

Mrs. Barker has wired the government $97,215 in lieu of forfeiture.

WHEREFORE, in conclusion, Mrs. Barker respectfully submits that the sentencing factors under 18 U.S.C. § 3553(a) warrant consideration of a sentence of probation as requested herein. If the Court determines that a form of incarceration is necessary, she will ask the Court to consider home detention rather than imprisonment as a condition of probation. She requests the Court to recommend that she be placed as close to her home as possible it determines incarceration at the BOP is necessary, and in a such case she would ask the Court to allow her to self-report.

Respectfully submitted on June 25, 2025.

                                          **LANA BARKER**
                                          **DEFENDANT**

**By Counsel**

/s/ Tim C. Carrico_____
**Tim C. Carrico, Esq. (WVSB #6771)**
**CARRICO LAW OFFICES, LC**
**1554 Kanawha Blvd. East, Ste 100**
**Charleston, West Virginia 25311**
**Phone: (304) 347-3800**
**Fax: (304) 347-3688**

## CERTIFICATE OF SERVICE

I, Tim Carrico, counsel of record for the defendant, Lana Barker, certify that on June 25, 2025, the foregoing Defendant's Sentencing Memorandum was submitted to the following person via ECF filing:

**GABE PRICE, AUSA**
*(email transmission to gabe.price@usdoj.gov)*

/s/ Tim C. Carrico
**Tim C. Carrico, Esq. (WVSB #6771)**
